IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL JOHN CRONIN, ) | |
| ) | |
|     Movant, ) | |
| ) | |
| V. ) | No. 3:13-cv-581-K |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Movant Paul John Cronin("Cronin"), a federal prisoner, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is denied.

**Background**

Cronin pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) pursuant to a written plea agreement and factual resume. On February 1, 2012, the Court sentenced Cronin to a below-Guidelines term of 60 months imprisonment. Cronin did not file a direct appeal. Instead, he filed this timely motion under 28 U.S.C. § 2255.

In a single ground for relief, Cronin contends that he received ineffective assistance of counsel because his attorney advised him that he was eligible for sex offender treatment while in prison and counsel therefore could not – and did not –

request a downward departure under 18 U.S.C. § 3553(a)(2)(D).

## Legal Standards

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel, a movant must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the movant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.* at 687. Second, he must establish that he was prejudiced by the attorney's substandard performance. *Id.* at 691-92.

In order to obtain post-conviction relief due to ineffective assistance of counsel in the context of a guilty plea, the Strickland prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 57-58 (1985). To satisfy this standard, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58. In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a movant must establish that he was subjected to additional jail time due to the deficient performance of his attorney. *See United States v. Grammas,* 376 F.3d 433, 439 (5th Cir. 2004) (citing *Glover v. United*

*States,* 531 U.S. 198, 203 (2001)). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh,* 884 F.2d 871, 876 (5th Cir. 1989).

## Analysis

Cronin cannot establish that his attorney was ineffective for failing to advise him that he was ineligible for the Bureau of Prisons sex offender treatment program or neglecting to advocate for a downward departure due to his ineligibility for certain programs. Initially, Cronin has not established that his attorney was prejudicially ineffective for advising him that he was eligible for sex offender treatment. He does not argue, nor does he establish, that he would have had proceeded to trial if his attorney had told him that he was ineligible for treatment under Bureau of Prisons rules. *See Hill,* 474 U.S. at 58. He also does not contend that his guilty plea was in any way involuntary or uninformed. Accordingly, he has not established ineffective assistance of counsel in entering his guilty plea.

Cronin has also failed to establish ineffective assistance of counsel at sentencing. According to Cronin, his status as a deportable alien means that he is not eligible to participate in Bureau of Prison programs such as sex offender treatment despite the Court's recommendation that he be considered for the program. Although counsel did not specifically raise Cronin's ineligibility for BOP sex offender treatment, he did cite Cronin's status as a deportable alien and ineligibility for early release as one of several

grounds for downward departure or variance. *See United States v. Cronin*, No. 3:11-CR-269-K, Doc. No. 22 at 4-5. Although applying a sentencing reduction on the ground that a defendant is a deportable alien is proper only in an "extraordinary case," *see United States v. Garay*, 235 F.3d 230, 233-34 & n.8 (5th Cir. 2000), the Court granted a variance in this case and sentenced Cronin to a below-Guidelines sentence of 60 months' imprisonment. Cronin has not shown that the BOP rules preventing him from receiving credit for sex offender treatment warranted an additional departure or variance, nor has he shown that he would have received a lesser sentence had this issue been raised by counsel. The record shows that counsel filed a thorough sentencing memorandum and argued at sentencing that Cronin should be sentenced beneath the advisory guideline range, and that the Court granted his motion. Cronin has not established that his sentence would have been lower had his lawyer acted differently.

In sum, Cronin has offered no proof that counsel's performance was objectively deficient, and no proof that such deficient performance prejudiced him in any way. *See Strickland,* 466 U.S. at 687. Therefore, no relief is available under 28 U.S.C. § 2255.

## Conclusion

For the foregoing reasons, the instant motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 is DENIED.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and

28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In the event the Movant will file a notice of appeal, the court notes that the Movant will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED.**

**SIGNED this 5th day of September, 2013.**

*Ed Kinkeade*
**ED KINKEADE**
**UNITED STATES DISTRICT JUDGE**